UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS MULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-1561 (ABJ) |
| | ) |
| BUREAU OF PRISONS *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

Plaintiff, a prisoner currently at the Federal Correctional Institution ("FCI") in Ray Brook, New York, alleges that the Bureau of Prisons ("BOP") has acted with deliberate indifference to his serious medical need for treatment for two hernias. Invoking *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), plaintiff seeks $250,000 in monetary damages, Compl. at 1, and a declaratory judgment, "declaring that [h]is rights under the Eighth Amendment . . . were in fact violated by [defendants'] actions." *Id*. at 4. In addition to BOP, plaintiff names as defendants Warden Ronnie Holt of the United States Penitentiary ("USP") Canaan in Waymart Pennsylvania, and Warden David J. Ebbert of FCI Allenwood in White Deer, Pennsylvania, both of whom he is suing in their official and individual capacities.[1] *Id*. at 2.

---

[1] By Order of December 29, 2010, the court deemed plaintiff's complaint amended, thereby adding a claim against a new defendant, Faruque Ahmed. Order [Doc. # 9] at 4. The court subsequently dismissed the claim against Ahmed without prejudice because plaintiff had failed to provide an address where Ahmed could be served with process. Order [Doc. # 16].

Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be granted.  Mem. of P. & A. in Support of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 1.  Upon consideration of the parties' submissions, the Court will grant defendants' motion to dismiss under Rules 12(b)(1), (b)(2) and (b)(3).

## BACKGROUND

Plaintiff alleges that he was diagnosed with two hernias and that BOP refused to follow a doctor's proposed plan to perform "elective repair . . . under general anesthesia . . . scheduled for June 15, 2009."  Compl. at 3 ¶ 1. Instead, plaintiff alleges, BOP "intentionally removed [him] from U.S.P. Canaan, which served as [his] primary residence . . . to F.C.I. Allenwood conspicuously preventing the scheduled surgery and subjecting Plaintiff to undue suffering and the minimal civilized measures of life's necessities."  *Id*. Plaintiff states that Allenwood staff "reexamined" him but did not refer him "to a professional medical authority" or follow the foregoing surgical recommendation.  *Id*.

According to plaintiff's medical records supplied by BOP under seal, Defs.' Mem., Ex. E, plaintiff had two hernias surgically repaired on September 22, 2008, while confined at USP Big Sandy in Inez, Kentucky. In December 2008 and January 2009, plaintiff complained first to medical staff at Big Sandy and then to medical staff at Canaan, where he was transferred, that the hernias had returned. Between January and March 2009, plaintiff was seen by Canaan's medical staff four times and prescribed medicine.  On March 27, 2009, a general surgeon at Canaan recommended that the hernias be surgically repaired. Plaintiff was seen again by Canaan's medical staff on May 4, 2009, but was later transferred to FCI Allenwood on May 28, 2009.

Defs.' Mem. at 4.  On June 1 and June 8, 2009, plaintiff was examined by medical staff at FCI Allenwood. *Id*., Ex. E. On June 12, 2009, a doctor again suggested elective surgical repair of the hernias and scheduled it for June 15, 2009.  *Id*.  But on June 17 and July 10, 2009, the Utilization Review Committee ("URC") at Allenwood denied plaintiff's request for the elective surgery and "recommended follow-up on [plaintiff's] condition in three months to determine if surgery is indicated."[2]  *Id*., Ex. C, ECF p.16.  Plaintiff was seen by medical staff at Allenwood on June 19, July 2, October 5 and October 22, 2009. *Id*., Ex. E.  On October 5, 2009, the Allenwood medical staff noted that "[e]xamination shows two incisional hernias which are easily reducible and non-tender," found the size of the hernias unchanged since June 1, 2009, and found "[n]o indication for surgical repair at the present time."  *Id*.

Plaintiff filed this action on September 16, 2010, asserting that but for his transfer presumably from Canaan to Allenwood on May 28, 2009, "there exist a reasonable likelihood that Plaintiff would have had the elective repair needed to remedy the continual injury he suffers as a result of the serious medical need."  Compl. at 3 ¶ 3.

## DISCUSSION

**1. Review Standard**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . .  and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' " *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court

---

[2]  Pursuant to BOP policy, each BOP institution has a URC that "reviews and makes final decisions regarding inmate medical non-emergent or non-acute care." Defs.' Mem. at 4, n.6.

accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." *Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010) (citations omitted); *see* Order (May 6, 2011) [Doc. # 19] (advising plaintiff of possibility of treating uncontested motion as conceded).

2. **Analysis**

   A.  Subject Matter Jurisdiction

Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Such consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). A waiver of immunity is strictly construed in favor of the sovereign. *Orff v. United States*, 545 U.S. 596, 601–02 (2005). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. "A plaintiff must overcome the defense of sovereign immunity in order to establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006), citing *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).

Defendants argue correctly that the United States has not consented to be sued for monetary damages based on a constitutional violation or, in other words, for a "*Bivens*-type cause of action directly against a federal agency." *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *see accord Majhor v. Kempthorne*, 518 F. Supp. 2d 221, 244-45 (D.D.C. 2007). As an alternative to suing under *Bivens*, plaintiff invokes 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Compl. at 1.

Section 1983 does not apply to federal actors, *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005), and none of the remaining provisions waives the federal government's sovereign immunity.  *See Prince v. Rice*, 453 F. Supp. 2d 14, 26-27 (D.D.C. 2006) (immunity not waived under § 1981); *Zhu v. Ashcroft*, No. 04-1408 (RMC), 2006 WL 1274767 (D.D.C. May 8, 2006), quoting *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987) (§§ 1981, 1985 and 1986 "by their terms, do not apply to actions against the United States.").  Therefore, the court will grant defendants' motion to dismiss the damages claim against the United States and the individual defendants in their official capacity under Rule 12(b)(1).

  B.  Personal Jurisdiction

*Bivens* authorizes a private cause of action against federal officials in their individual capacity who violate an individual's constitutional rights while acting under color of federal law. *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997). "*Bivens* actions are for damages," the payment of which a losing defendant is personally responsible.  *Id*.; *see Davis v. Passman*, 442 U.S. 228, 245 (1979) (Under *Bivens*, "it is damages or nothing.") (citation and internal quotation marks omitted).  Thus, the court must have personal jurisdiction over the individual defendants in order to bind them to a judgment.

Plaintiff has not contested, and therefore has conceded, defendants' argument that this court lacks personal jurisdiction over Wardens Holt and Ebbert, who are not listed in the complaint as either residing or working in the District of Columbia or alleged to have sufficient contacts here to confer jurisdiction under the District's long-arm statute. *See* Defs.' Mem. at 9-12; Pl.'s Response to Defs.' Mot. to Dismiss (arguing only that plaintiff's "Eigth [sic] Amendment Right to Unwanted Cruel and Unusual Punishment Was Violated When the

Defendant's [sic] Failed to Provide Adequate Medical Care in a Timely Fashion After Discovering His Condition"). Therefore, the court will grant defendants' uncontested motion to dismiss the *Bivens* claim for lack of personal jurisdiction.

C. Improper Venue

In addition, plaintiff has not contested, and therefore has conceded, defendants' argument that this venue is improper for litigating the *Bivens* claim.  *See* Defs.' Mem. at 12-13.  Under the applicable venue statute, the *Bivens* claim is properly brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).  The claim arose from decisions made at USP Canaan and FCI Allenwood, both of which are in Pennsylvania.  Therefore, the court will grant defendants' uncontested motion to dismiss the *Bivens* claim also on the ground of improper venue.  Since the complaint allegations fail to directly implicate the individually named defendants in the alleged wrongdoing and plaintiff is no longer confined in Pennsylvania, the court does not find it in the interests of justice to transfer this action. Accordingly, this case will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss the complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(3).  A separate, final order accompanies this Memorandum Opinion.

_____/s/_____
AMY BERMAN JACKSON
DATE:  February 21, 2012                    United States District Judge